TIMOTHY A. DUKET, District Attorney, Marinette County
ERIC JOHNSON, District Attorney, St. Croix County
You request my opinion on questions relating to investigation of suspected child abuse and neglect. Section 48.981 (3)(b) and (c) of the Children's Code (chapter 48, Stats.) requires local law enforcement agencies and county departments of social services to investigate reported cases of suspected abuse and neglect. County department investigations are conducted by specially trained staff members. Sec. 48.06 (1)(am)3. and 48.981 (8)(d), Stats.
Your first question asks:
 Under section 48.981, Stats., may county department staff members interview a child on public school property, and without school personnel being present at the interview?
In my opinion, the answer is yes. Section 48.981 (3)(c)1. provides as follows:
 (c) Duties of county departments. 1. Within 24 hours after receiving a report under sub. (3)(a), the county department shall, in accordance with the authority granted it under s. 48.57 (1)(a), initiate a diligent investigation to determine if the child is in need of protection or services. The investigation shall be conducted in accordance with standards established by the department for conducting child abuse and neglect investigations and shall include *Page 50 
observation of or an interview with the child, or both, and, if possible, a visit to the child's home or usual living quarters and an interview with the child's parents, guardian or legal custodian. At the initial visit to the child's home or living quarters, the person making the investigation shall identify himself or herself and the county department involved to the child's parents, guardian or legal custodian. The county department may contact, observe or interview the child at any location without permission from the child's parent, guardian or legal custodian if necessary to determine if the child is in need of protection or services, except that the person making the investigation may enter a child's home or living quarters only with permission from the child's parent, guardian or legal custodian or after obtaining a court order to do so.
Under this broad grant of authority, the county department may, in its discretion, interview the child at any location, including the child's school.
I also conclude that the county department's staff member may, in the exercise of professional judgment and in accordance with department standards, exclude school personnel from interviews. Certain school personnel are mandatory reporters of suspected child abuse and neglect. See sec. 48.981 (2), Stats. However, while there is no statutory provision requiring their presence or participation at the interview, there are statutory provisions permitting their exclusion. At the same time, the presence of school personnel would not violate the confidentiality provision of section 48.981 (7). Confidentiality extends only to the reports, notices and records maintained by the state and county department and others involved in the investigation.
Section 48.981 (3)(c)1. provides that the county department's investigation shall be conducted "in accordance with the authority granted it under s. 48.57 (1)(a)." Section 48.57 (1)(a) gives the department legal authority "[t]o investigate the conditions surrounding . . . children . . . in need of protection or services *Page 51 
. . . and to take every reasonable action within its power to secure for them the full benefit of all laws enacted for their benefit." Your letters describe situations where the presence of school personnel at an interview would inhibit the child, preventing disclosure and frustrating the purpose of the interview. Under such circumstances, the department staff member could insist on a private interview. Insistence on a private interview would be a reasonable action taken by the department to insure receipt of useful, productive information. Sec. 48.57 (1)(a), Stats.
I am not, however, suggesting that school personnel be routinely excluded from investigative interviews. The presence of supportive and familiar people may calm a frightened child. Seegenerally Topper and Aldridge, Sexually Abused Children andTheir Families, at 115-16 (1981). The interviewer may properly request the cooperation of a school teacher, counselor or other person whose presence would aid in the interview process. See
sec. 48.57 (2), Stats.
It is difficult to overstate the importance of investigative interviews. In cases of suspected child abuse,
 the child's story of what happened may become the best available legal testimony and provide the best possible information for effective intervention in the family processes. Therefore, the initial and other early interviews with the child are of paramount importance. The worker who is interviewing a victim of sexual assault may be hearing the child's story before it has become crystalized by repetition, and thus it may be much more revealing than later versions. It may even be possible to determine whether the story being told by the child is true. Body language, descriptive material about the sexual activity, family roles, and so forth, may actually reveal that the child has not been sexually molested but that the family has other problems which may require intense intervention, but not necessarily child protection. Sensitivity to such nuances of language and physical presence, along with an eye and ear for congruence *Page 52 
of affect with emotional status, may not be "hard" court evidence but will certainly give the worker a much more accurate picture of the victim's situation. It may also give many indications about what other questions might be asked.
Sexually Abused Children and Their Families at 115-16.
The interview must be conducted and supervised by the county department staff member. The interviewer gathers information which will ultimately be used in civil Child in Need of Protection and Services (CHIPS) litigation and criminal prosecutions. Inappropriate or ill-timed comments or questions by observers can disrupt the interview and render information received unusable at trial. The interviewer must be able to communicate effectively with the child and must be familiar with the needs of the legal system. A specially trained department social worker is best equipped to conduct a meaningful interview. While monitoring or participation by school personnel may be appropriate — even valuable — in certain cases, it must occur at the discretion of the social worker.
Your second question asks:
 Under section 48.981, Stats., may public school personnel require notification of a child's parents before permitting the child to be interviewed on school property?
In my opinion, the answer is no. The county department is not required to notify the child's parents before conducting an investigative interview. See sec. 48.981 (3)(c)1., Stats. The statute specifically allows the department to interview the child without the parents' permission. Id. The department is required to interview, if possible, the child's parents, guardian or legal custodian. Through its statutorily mandated interview process, the department itself provides parental notice of the investigative interview. There is no legal basis for a public school to condition an on-site interview on notification of the parents. *Page 53 
Your remaining questions regarding the scope of departmental authority to conduct investigative interviews of suspected child abuse and neglect are rendered moot since I have determined that the department may conduct the interviews on school property.
DJH:GPW *Page 54